UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLARISSA N.,

                Plaintiff,

v.                                                         1:20-CV-1433
                                                           (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                                 OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC       AMY CHAMBERS, ESQ.
  Counsel for Plaintiff                                         KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                      ANDREEA LECHLEITNER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 16.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted in part, to the extent she seeks remand for further proceedings, and denied in part, and the Commissioner's motion is granted in part and denied in part.

I.    **RELEVANT BACKGROUND**

    A.    **Factual Background**

Plaintiff was born in 1983. (T. 114.) She completed the 8th grade. (T. 214.) Generally, Plaintiff's alleged disability consists paranoia, schizophrenia, post-traumatic stress disorder ("PTSD"), back impairment, and attention deficit hyperactivity disorder ("ADHD"). (T. 213.) Her alleged disability onset date is August 25, 2013. (T. 114.)

    B.    **Procedural History**

On August 25, 2014, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 114.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On August 11, 2016, Plaintiff appeared before the ALJ, Lynette Gohr. (T. 79-113.) On November 1, 2016, ALJ Gohr issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 7-29.) On December 6, 2017, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

On April 29, 2019, the United State District Court for the Western District of New York remanded the case for further proceedings. (T. 949-958); *Napoleon v. Comm'r of Soc. Sec.*, No. 18-CV-180, 2019 WL 1894206 (W.D.N.Y. Apr. 29, 2019). On September 13, 2019, the AC vacated the ALJ's 2016 decision and remanded Plaintiff's case to an ALJ. (T. 959.) On April 7, 2020, Plaintiff appeared telephonically before the ALJ, Stephan Bell. (T. 856-883.) On June 10, 2020, ALJ Bell issued a written decision

finding Plaintiff not disabled under the Social Security Act.  (T. 832-854.)  Plaintiff again sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 837-847.)  First, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 25, 2014.  (T. 837.)  Second, the ALJ found Plaintiff had the severe impairments of: chronic pain syndrome; obesity; major depressive disorder; anxiety disorder not otherwise specified; cocaine abuse in full remission; bipolar disorder; generalized anxiety disorder; degenerative disc disease of the lumbar spine; and umbilical hernia status-post repair.  (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 838.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work except:

> she can climb ramps and stairs occasionally; occasionally climb ladders, ropes or scaffolds.  She can occasionally balance, stoop, kneel, crouch and/or crawl.  She can work in vibration occasionally.  She is able to perform simple, routine, and repetitive tasks and make simple work-related decisions.  She can occasionally interact with supervisors and coworkers.  She can never interact with the public.

(T. 840.)  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 845-846.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to properly evaluate and explain opinion evidence and what evidence supported his conclusions for RFC of a reduced range of light work; the ALJ failed to follow the remand order; and substantial evidence did not support the RFC and frustrates meaning review.  (Dkt. No. 13 at 11-22.)  Second, and lastly, Plaintiff argues the RFC findings is unsupported by the record; the ALJ failed to adequately explain and account for Plaintiff's episodic effects of flares of pain fatigue, depression, anxiety, and headaches that support limitations for off-task, need for unscheduled breaks, and missed workday.  (*Id*. at 22-28.)  Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 15.)

### B.      Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ's physical RFC findings is supported by substantial evidence.  (Dkt. No. 14 at 6-16.)  Second, and lastly, Defendant argues the ALJ's mental RFC finding is supported by substantial evidence.  (*Id*. at 16-23.)

## III.    RELEVANT LEGAL STANDARD

### A.      Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether

the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.     **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.     ANALYSIS**

A. **Remand Order**

On remand from the AC, "[t]he [ALJ] shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council remand order."  20 C.F.R. § 404.977(b)[1].  If an ALJ fails to comply with an AC remand order, the decision is subject to judicial review and can form the basis for a remand to the Commissioner.  42 U.S.C.A. § 405(g); *see Cabibi v. Colvin*, 50 F. Supp. 3d 213, 230 (E.D.N.Y. 2014) (remand appropriate where the ALJ failed to comply with

---

[1]     Effective March 27, 2017, many of the Regulations cited herein have been amended, as have SSRs. Nonetheless, because Plaintiff's social security application was filed before the new Regulations and SSRs went into effect, the Court reviews the ALJ's decision under the earlier Regulations and SSRs.

AC's specific instruction to develop the record with additional evidence from plaintiff's treating source).

In *Napoleon v. Comm'r of Soc. Sec.*, No. 18-CV-180, 2019 WL 1894206, at *4 (W.D.N.Y. Apr. 29, 2019), the Court directed the ALJ on remand to "seek clarification from Dr. Rosenberg about his opinion *or* obtain a new medical opinion as to Napoleon's ability to perform work-related activities." *Napoleon,* 2019 WL 1894206, at *4 (emphasis added). The AC then vacated the ALJ's 2016 decision and remanded the case back to the ALJ "for further proceedings consistent with the order of the court." (T. 961.) The AC further stated, "the [ALJ] will offer [Plaintiff] the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." (*Id*.)

Although Plaintiff correctly notes the remand order directed the ALJ to clarify Dr. Rosenberg's opinion or obtain new evidence, Plaintiff nonetheless asserts the ALJ failed to comply with the remand order because the ALJ failed to clarify Dr. Rosenberg's opinion. (Dkt. No. 13 at 13.) Here, the ALJ complied with the AC order and the direction from this Court. The ALJ did not recontact consultative examiner Rosenberg for clarification; however, the ALJ did "obtain a new medical opinion" from medical expert Sree Devi Chandrasekhar, M.D. (T. 1105, 1182-1200.) Therefore, the ALJ complied with the remand order.

In addition, the record before the ALJ was complete. At Plaintiff's 2020 hearing, the ALJ asked Plaintiff's counsel if there were any outstanding records. (T. 861.) Plaintiff's counsel responded that "all the records should have been submitted." (*Id*.) Counsel stated he "was hoping" to obtain "opinion statements," but as of the date of the

hearing he had not received any. (T. 861-862.) The ALJ left the record open for two weeks; however, no additional records were received. (T. 862, 1104.) No additional evidence was submitted to this Court. Therefore, there was no additional evidence to be gathered in Plaintiff's case.

### B. Plaintiff's Remaining Arguments

In general, Plaintiff challenges the ALJ's RFC determination, arguing the ALJ failed to properly assess opinion evidence in the record and failed to properly assess Plaintiff's subjective complaints of pain. (Dkt. No. 13.) In part, Plaintiff argues, the ALJ improperly relied on the written testimony of medical expert, Dr. Chandrasekhar because the doctor did not examine Plaintiff and did not consider Plaintiff's fibromyalgia. (Dkt. No. 13 at 19.) Plaintiff further argues the ALJ improperly relied on the lack of objective findings in assessing Plaintiff's subjective complaints because Plaintiff suffered from fibromyalgia which eludes objective testing. (*Id*. at 17.) Defendant counters the ALJ properly relied on absence of objective findings because Plaintiff had other physical impairments and even when assessing fibromyalgia, the ALJ may consider objective findings. (Dkt. No. 14 at 10.)

Here, remand is necessary for an evaluation of Plaintiff's diagnosis and treatment of fibromyalgia at all steps of the sequential process. As outlined below, the ALJ failed to discuss Plaintiff's fibromyalgia in his step four analysis and this omission prevents the Court from conducting meaningful review of the substantiality of the evidence supporting the ALJ's decision.

To be sure, "an ALJ is not required to discuss every piece of evidence submitted," and the "failure to cite specific evidence does not indicate that such evidence was not considered." *Brault v. Social Sec. Admin., Comm'r,* 683 F.3d 443,

448 (2d Cir. 2012); *see Cobbins v. Comm'r of Soc. Sec.*, 32 F. Supp. 3d 126, 133 (N.D.N.Y. 2012) (the ALJ did not err in failing to discuss plaintiff's fibromyalgia because the mere diagnosis of fibromyalgia was not sufficient to establish severity under step two and plaintiff did not point to any assessment by a medical provider of limitations arising from fibromyalgia).

To be sure, the ALJ's decision is not completely silent regarding fibromyalgia. The ALJ evaluated fibromyalgia at step three and concluded the impairment did not meet the requirements of Listing 14.09: Inflammatory Arthritis.  (T. 838.)[2]  In general, at step two the ALJ will consider the medical severity of Plaintiff's impairments and at step three the ALJ will consider whether those impairments meet or equal a Listing.  20 C.F.R. § 416.920(a)(4)(ii)-(iii).  Although the ALJ discussed fibromyalgia at step three, concluding the impairment did not equal a Listing, the remainder of the ALJ's written decision is completely silent regarding Plaintiff's fibromyalgia diagnosis.  (T. 838.)  Indeed, despite discussing Plaintiff's severe and non-severe impairments at step two, the ALJ did not discuss fibromyalgia at this step.  (T. 837.)  Although neither party disputes the ALJ's steps two and three findings, it would be prudent on remand to provide a discussion of fibromyalgia at step two.  *See Diaz v. Commissioner*, No. 18-CV-6224P, 2019 WL 2401593, at *4 (W.D.N.Y. June 7, 2019) (remand required for further consideration of the plaintiff's fibromyalgia, where the ALJ made conclusory findings at step two of the disability analysis and the Court was "unable to meaningfully

---

[2]   Fibromyalgia cannot meet a listing in appendix 1 because fibromyalgia is not a listed impairment.  SSR 12-2p (S.S.A. 2012).  At step 3, therefore, an ALJ will determine whether fibromyalgia medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment.  *Id*.

review the ALJ's reasoning that [the plaintiff's] diagnosed fibromyalgia was not a medically determinable impairment according to the guidance detailed in SSR 12-2p.").

The ALJ failed to discuss, or even mention, fibromyalgia in his step four analysis. In general, courts recognize that "there are no objective tests which can confirm [fibromyalgia]." *Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003) (quoting *Preston v. Sec. of Health and Human Servs.*, 854 F.2d 815, 818 (6th Cir. 1988)). While the "mere diagnosis of fibromyalgia without a finding as to the severity of symptoms and limitations does not mandate a finding of disability," *Rivers v. Astrue*, 280 F. App'x 20, 22 (2d Cir. 2008), "denying a fibromyalgia-claimant's claim of disability based in part on a perceived lack of objective evidence is reversible error," *Campbell v. Colvin*, 2015 WL 73763 at *6. *Lisa E. v. Comm'r of Soc. Sec.*, No. 20-CV-0037, 2021 WL 4472469, at *7 (W.D.N.Y. Sept. 30, 2021). As outlined below, the ALJ denied Plaintiff's claim, in large part, on the perceived lack of objective evidence.

In assessing the medical evidence and Plaintiff's testimony of subjective complaints, the ALJ concluded that overall Plaintiff's complaints and alleged limitations were "out of proportion to the objective findings." (T. 845.) In his analysis of Plaintiff's physical impairments, the ALJ only discussed Plaintiff's degenerative disc disease and obesity. (T. 841-843.) Although the ALJ discussed treatment notations from Plaintiff's neurologist, Shrikant Bodani, M.D., who diagnosed fibromyalgia, the ALJ only considered the provider's observations and treatment recommendations in the context of her degenerative disc disease.

The ALJ summarized treatment notations from Plaintiff's treating neurologist who diagnosed fibromyalgia; however, the ALJ did not mention the diagnosis nor did the ALJ

10

review treatment recommendations in the context of Plaintiff's fibromyalgia. (T. 842.) Indeed, as outlined by the ALJ, in December 2016 through December of 2019 neurology records reflected some positive findings on examination. (T. 842.) The ALJ also noted neurology records reflected "conservative treatment" and Plaintiff required "no additional testing." (*Id*.) The ALJ concluded therefore "physiologic worsening of [Plaintiff's] impairments had not occurred." (*Id*.)

As noted by the ALJ, in December 2016 Dr. Bodani observed positive findings on examination such as paraspinal muscle spasm and recommended no surgical intervention. (T. 1285.) Dr. Bodani advised Plaintiff to continue with "conservative therapy including cessation of smoking, weight reduction and strict follow guile line for back care." (*Id*.) Dr. Bodani also advised Plaintiff to seek a pain management specialist for further evaluation. (*Id*.) However, the ALJ overlooked Dr. Bodani's observation Plaintiff had "11 areas of tenderness consistent with fibromyalgia" (T. 1284) and instead discounted the severity of Plaintiff's degenerative disc disease and related symptoms based on conservative treatment. The ALJ concluded Plaintiff's "complaints and alleged limitations are out of proportion of the objective findings." (T. 845.) In light of Plaintiff's diagnosis of fibromyalgia, such a conclusion is improper. See *Lisa E.,* 2021 WL 4472469, at *7.

The ALJ further discounted Plaintiff's subjective complaints, concluding her "statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because her treatment records do not contain the type of significant clinical or laboratory abnormalities that would suggest that her impairments are disabling." (T. 841.) Again, fibromyalgia is an impairment that eludes clinical or

11

laboratory abnormalities and therefore it was error for the ALJ to dismiss Plaintiff's complaints based on a lack of these findings.  *See Green-Younger,* 335 F.3d at 108; *see Tina M. v. Comm'r of Soc. Sec.*, No. 19-CV-1481-LJV, 2021 WL 1298492, at *3 (W.D.N.Y. Apr. 7, 2021) (ALJ erred in discounting plaintiff's subjective complaints of fibromyalgia symptoms because they lacked objective support).  Therefore, the ALJ erred in discounting Plaintiff's statements because they lacked objective support.

To be sure, as stated by Defendant, even when assessing fibromyalgia, the ALJ may consider objective findings. *See* SSR 12-2p, 2012 WL 3104869, at *2 ("before we find that a person with an MDI [medically determinable impairment] of FM [fibromyalgia] is disabled, we must ensure that there is sufficient objective evidence to support a finding the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activities").  Here however, the ALJ's complete lack of discussion regarding fibromyalgia at step four prevents meaningful review.

In sum, the record contains evidence from various sources relevant to the assessment of Plaintiff's diagnosed fibromyalgia.  However, the ALJ did not discuss fibromyalgia at step two, considered fibromyalgia at step three, and ignored fibromyalgia at step four.  This Court cannot determine if the ALJ's decision is supported by substantial evidence because the ALJ overlooked a significant portion of evidence and discounted evidence based on a lack of objective findings.  As a result, the Court is unable to meaningfully review the ALJ's ultimate disability determination. *See Heineck-Polizzi v. Comm'r of Soc. Sec.*, No. 1:18-CV-01445, 2020 WL 1284017, at *5 (W.D.N.Y.

Mar. 18, 2020). Accordingly, remand is required for the ALJ to assess Plaintiff's fibromyalgia at steps two through four of the sequential process.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED in PART and DENIED in PART**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED in PART and DENIED in PART**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: February 16, 2022

_/s/ Bill Carter_
William B. Mitchell Carter
U.S. Magistrate Judge